# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRITTANY O'NEAL, MADAY GRIMM,**
**LANDON GRIMM,** on behalf of themselves
and those similarly situated,

      **Plaintiffs,**

-vs-              Case No. 6:11-cv-744-Orl-28GJK

**KATMANDO SERVICES, INC.,** and
**RONALD CHESHIRE,**

      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' NOTICE OF ACCEPTANCE OF DEFENDANTS' OFFER OF JUDGMENT (Doc. No. 16)** |
| **FILED:** | **October 5, 2011** |

**THEREON** it is **RECOMMENDED** that the Court enter judgment in accordance with Plaintiffs' acceptance of the offer of judgment.

  By filing Plaintiffs' Notice of Acceptance of Defendants' Offer of Judgment (the "Notice"), Plaintiffs and Defendants jointly move for the Court's approval of the parties' resolution of Plaintiffs' claims pursuant to the Fair Labor Standards Act ("FLSA"). Doc. Nos. 16 at 1-6.

Although the Notice is technically brought under Rule 68(a), Federal Rules of Civil Procedure, in *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Eleventh Circuit addressed the means by which the resolution of FLSA claims may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. *See also Sammons v. Sonic-North Cadillac, Inc.*, 2007 WL 2298032 at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by Secretary of Labor). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Doc. No. 1. The parties were represented by independent counsel who were obligated to vigorously represent their clients. Doc. Nos. 1, 11. Defendants' offered to allow judgment to be entered against them "in total satisfaction of all of Plaintiff's [sic] claims against Defendants" in the following amounts:

| Brittney O'Neal | $2,360.92 |
|---|---|
| Maday Grimm | $2,181.84 |
| Landon Grimm | $503.38 |
| Lekechia Brown | $3,738.80 |
| Lorrie Grajczyk | $3,810.40 |
| Nancy Jacobsen | $1,639.90 |
| Reina M. Kivinski | $6,002.68 |
| Total | $20,237.92 |

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

Doc. No. 16 at 4-5. In the Notice, Plaintiffs state that the above amounts "will pay Plaintiffs the entire amounts owed under their [FLSA] claim[s]." Doc. No. 16 at 5. Thus, Plaintiffs represent they are receiving full compensation under the Offer of Judgment. *Id.* Plaintiffs also state that Plaintiffs' counsel "is not receiving any compensation for attorneys' fees and costs under these judgments and is foregoing attorneys' fees and costs on this matter to ensure these judgments were agreed to. . . ." *Id.* at 1-2. Thus, Plaintiffs' counsel has agreed to waive any fees and costs in this case.

*Lynn's Foods* requires a court to determine whether a plaintiff's compromise of his or her claims is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1354-55. In the Notice, Plaintiffs state that they are receiving full compensation for their FLSA claims. Doc. No. 16 at 1. The Offer of Judgment was accepted prior to any of the Plaintiffs filing answers to the Court's interrogatories, so there is no basis to question Plaintiffs' compensation. Therefore, Plaintiffs' claims have not been compromised and the Notice is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1354. In addition, Plaintiffs' counsel has agreed to waive any claim for attorneys' fees or costs, so there is not need to "scrutinize the settlement further to consider whether the payment to [plaintiff's] attorney, the hourly rate claimed by [plaintiff's] attorney, or the costs claimed by [plaintiff's] attorney are reasonable." *See Granger v. Water Sports Management, Inc.*, Case No. 6:08-cv-1283-Orl-31KRS, 2009 WL 1396286 at *2 (M.D. Fla. May 18, 2009). Accordingly, the undersigned recommends that Plaintiffs' acceptance of Defendants' offer of judgment is a fair and reasonable resolution of Plaintiffs' claims.

The Court notes, however, that Sarah E. Williams-Perry, an opt-in plaintiff, was not included in the offer of judgment. Accordingly, it is further recommended that the Court direct

4

the parties to notify the Court within fourteen (14) days as to the status of Ms. Williams-Perry's claim. *Compare* Doc. Nos. 6 *with* 16.

**THEREON** it is **RECOMMENDED** that the Court:

1. **GRANT** the Notice (Doc. No. 16);

2. Enter judgment in favor of each of the Plaintiffs and opt-in Plaintiffs listed in the table above and in the amounts reflected therein; and

3. Direct the parties to advise the Court within fourteen (14) days as to the status of opt-in Plaintiff Williams-Perry's claim;

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. **If the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

Recommended in Orlando, Florida on December 8, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties